GEORGE H. RICHARDSON,           )
                                )
        Plaintiff/Appellant,     )      Appeal No.
                                )      01-A-01-9507-CH-00304
v.                              )
                                )      Maury Chancery
JOYCE R. RICHARDSON,             )      No. 94-274
                                )
        Defendant/Appellee.       )

FILED

Nov. 29, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT FOR MAURY COUNTY

AT COLUMBIA, TENNESSEE


THE HONORABLE JIM T. HAMILTON, CHANCELLOR



TRACY W. MOORE
Moore & Peden, P.C.
29 Public Square
P. O. Box 981
Columbia, Tennessee  38402-0981
        ATTORNEY FOR PLAINTIFF/APPELLANT



DANIEL L. MURPHY
Fleming, Holloway & Flynn, P.C.
207 W. 8th Street
Columbia, Tennessee  38401
        ATTORNEY FOR DEFENDANT/APPELLEE




AFFIRMED AS MODIFIED
AND REMANDED

# <u>MEMORANDUM OPINION</u>[1]

In this divorce action, plaintiff/appellant, George H. Richardson, appealed and presented three issues: (1) "Whether the trial court erred in failing to eliminate appellant's alimony obligation in the form of making the monthly mortgage payment on the marital residence occupied by appellee as well as paying appellee's car payments[,]" (2) "Whether the trial court erred in failing to relieve appellant of his obligation to pay for appellee's attorney's fees[,]" and (3) "Whether the trial court erred in failing to adopt appellant's proposed division of marital property."

Our review of this case is pursuant to Tennessee Rule of Appellate Procedure 13(d) which provides, in pertinent part, that this court review the trial court's findings of fact with a presumption of correctness and that this court affirm those findings unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d).

The parties were married for approximately seventeen years and had two minor sons, ages ten and fourteen. The parties moved to Maury County from Michigan so that husband could accept a job with the Saturn Corporation in Spring Hill. They purchased a home in Spring Hill for $126,900.00. They financed $96,900.00 of the purchase price. The house payments were $677.54 a month with a balloon payment of $88,157.01 due on 1 October 2001. The Maury

---

[1]
Court of Appeals Rule 10(b):
    The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

County Tax Assessor appraised the home at $110,700.00. Appellee testified that keeping the house was very important to her because she wanted to have a proper atmosphere in which to raise her children.

Since appellant went to work for General Motors in August 1978, appellee worked sporadically. At the time of trial, appellee had not been able to find employment. She had no special work skills, but had previously worked as a plumber. Nevertheless, she was unable to find employment as a plumber in the Maury County area because, according to her, no one would hire a woman plumber.

Appellant's income in 1993 was $57,649.29. His income for 1994 was $52,430.05. During the appellant filed an income and expense statement calculated as of 15 June 1994. The statement provided the court with estimates of appellant's future income based on his income and expenses for the six previous months. It indicated that appellant had a gross monthly income of $2,974.60. Under expenses, he included the monthly house and car payments which the court ordered he pay as alimony. The statement also showed that appellant had a surplus of some $265.00 per month. Pay statements from Saturn, however, indicated that appellant's average gross monthly income for the first five and a half months of 1994 was $5,213.74.

Appellant insisted that his income had decreased because overtime was no longer available. There was evidence, however, that others in appellant's team at Saturn had continued to work overtime.

Appellant admitted to his adultery and stipulated that grounds for divorce existed. Appellant also admitted that appellee was a fit and proper person to have custody of the minor children.

3

At the conclusion of the trial, the trial court divided the marital assets and awarded alimony and child support as follows.

The court awarded appellee custody of the minor children. In addition, it ordered appellant to pay 32% of his net income as child support until the oldest child obtains the age of eighteen or until the child or his class graduates from high school, whichever occurs first. The order then reduced the appellant's obligation to 21% of his net income at that time. The order also required appellant to maintain medical, dental, and optical insurance on the minor children and to pay one-half of the medical, dental, chiropractic, psychiatric, psychological, or optometry expenses of the children not covered by insurance. Appellant is to maintain life insurance on himself in the amount of $75,000.00 designating the parties' minor children as the sole and equal beneficiaries.

The court awarded appellee the 1993 Saturn automobile and ordered appellant to make the bi-monthly automobile payments as alimony. Appellee also received the personal property identified on her proposed list of personal property.

Finally, the court ordered appellant to pay various forms of alimony to appellee. First, the order provided that he pay all the house payments for the marital residence until the final balloon payment becomes due and payable. Thereafter, the parties will sell the property. Out of the proceeds, the parties shall pay the expense of the sale and the final balloon payment. Next, they will split the remaining proceeds with appellee receiving 55 percent and appellant receiving 45 percent. Second, the order provided that appellant pay $500.00 per month to appellee for three years to enable appellee to obtain a better education or to increase her earning capacity through continued employment. Finally, the court ordered appellant to pay other credit card and

individual debts incurred by appellee.

Appellant filed a motion to alter or amend the judgment and showed that appellee had secured employment with Saturn Corporation since the date of the trial and that she earned $12.05 per hour. Upon this showing, the trial court discontinued the $500.00 per month alimony.

In their briefs, the parties showed almost no disagreement over the division of personal property. Their real disagreement concerned the disposition of the marital residence.

We have reviewed this record pursuant to Tennessee Rule of Appellate Procedure 13(d) and find that the evidence does not preponderate against the findings of the trial court except in one particular. We are of the opinion that the evidence preponderates against the trial court's judgment that the appellant should make all payments on the marital residence and that, at the time the balloon payment becomes due and payable, the parties should sell the house and split the proceeds in favor of appellee.

On remand, the court should amend the decree to provide that the parties sell the home be sold as ordered by the chancellor; pay the expense of the sale and the balloon payment out of the proceeds and reimburse appellant for all principal payments made by him on the mortgage on the marital residence from the date of the divorce decree without interest. The parties shall then split the remainder of the proceeds, 55% to the appellee and 45% to the appellant.

In all other respects, the judgment of the trial court is affirmed and the cause is remanded to the trial court for any further necessary proceedings. Costs on appeal are taxed one-half

5

to the appellee and one-half to the appellant.


                                    _____
                                    SAMUEL L. LEWIS, JUDGE


CONCUR:


_____
HENRY F. TODD, P.J., M.S.


_____
BEN H. CANTRELL, JUDGE